UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAIDOU DIALLO, A-245-043-302,<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-04696-DC-CKD P<br><br>ORDER AND<br>FINDINGS & RECOMMENDATIONS |

Petitioner is detained by Immigrations and Customs Enforcement (ICE) and proceeds on a first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 15.) Respondent filed a response to the petition. (ECF No. 17.) Petitioner filed a reply. (ECF No. 19.) The briefing on the original petition and petitioner's supplement are also before the court. (ECF No. 1, 7, 11, 18.) For the reasons set forth below, the undersigned recommends the petition be granted and respondent be ordered to immediately release petitioner under appropriate conditions of supervision.

**I. Background**

Petitioner is a native of Mauritania who was detained by ICE at or near the border on July 14, 2023, and released on an order of own recognizance. (ECF No. 7 at 7; ECF No. 15-2.) On March 18, 2026, an immigration judge issued a removal order to Uganda. (ECF No. 7 at 11.) No appeal was filed to the Board of Immigration Appeals. (ECF No. 15-2 at 4.) According to

respondent, the removal order became administratively final on April 17, 2026. (ECF No. 7 at 1-2.) ICE re-detained petitioner on or about April 27, 2026. (ECF No. 1 at 5.)

Petitioner's Form I-832 dated July 15, 2023, indicates petitioner has no known criminal history. (ECF No. 7 at 5-7.) Respondent does not assert petitioner presents a risk of danger to the community or a flight risk if released.

The first amended petition argues petitioner's continued detention violates federal law and procedure required by 28 U.S.C. §1231(a)(6). (ECF No. 15 at 7-9.) Petitioner seeks immediate release under reasonable conditions of supervision or, alternately, procedural relief requiring review of his custody. (Id. at 10.)

In response to the first amended petition, respondent argues petitioner is properly detained under 8 U.S.C. § 1231 and cannot satisfy the burden to show good reason to believe there is no significant likelihood of removal in the foreseeable future. (ECF No. 17.) Respondent states "[p]etitioner has not demonstrated that the receiving country will not take him or that removal is barred by our own laws." (Id. at 2.) Respondent further states "according to ICE, petitioner indicated that he desired to be removed to Mauritania (his home country), however, ICE still needs the immigration court order to reflect Mauritania as the order reads Uganda. A motion to reopen by DHS will be filed. Soon after a resulting immigration court order is issued, ICE will remove him." (Id. at 3.) On October 30, 2026, in response to the court's order to provide additional information, respondent filed a status report stating petitioner was still detained in immigration custody. (ECF No. 22.)

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

////

## III. Discussion

Petitioner is detained under 8 U.S.C. § 1231. Under 8 U.S.C. § 1231, noncitizens who have final removal orders "shall" be detained for the first 90 days after their removal orders are finalized (known as the "removal period"), 8 U.S.C. § 1231(a)(2), and "may be detained beyond the removal period," id., § 1231(a)(6). Although the text of § 1231 contains no time limit on detention, the Supreme Court has held via the canon of constitutional avoidance that it implicitly contains a limit to a period of detention reasonably necessary to bring about the noncitizen's removal from the United States. Zadvydas, 533 U.S. at 689. The presumptively reasonable timeframe for detaining a noncitizen is six months after issuance of a final removal order. Id. at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

Petitioner has been detained since April 27, 2026, for more than six months. Petitioner was ordered removed to Uganda, which is not his native country, and provided information that ICE made two failed attempts to execute his removal order, on June 16, 2026, and again on August 12, 2026.[1] (ECF No. 18 at 3 & 6.) That suffices for his showing that there is good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future. See Ruiz-Acosta v. Cent. Valley Annex, No. 1:26-CV-04371-DAD-JDP (HC), 2026 WL 1846727, at *2 (E.D. Cal. June 26, 2026) (the "good reason to believe standard" is not a very high bar).

Considering petitioner's showing, respondent has not met the burden to show ICE is likely to remove petitioner in the reasonably foreseeable future. The lack of a certain end date for detention does not necessarily render detention indefinite in the sense the Supreme Court found constitutionally problematic in Zadvydas. See Prieto-Romero v. Clark, 534 F.3d 1053, 1063 (9th Cir. 2008). Here, though, the record indicates petitioner's detention lasting more than six months has been impacted by a specific barrier to his removal. ICE recently made failed attempts to

[1] He further alleges that on one of those occasions, his personal property was lost. (ECF No. 18 at 4.)

execute petitioner's removal order, on June 16, 2026, and again on August 12, 2026. As of August 24, 2026, respondent represented "ICE still needs the immigration court order to reflect Mauritania" instead of Uganda." (ECF No. 17 at 3.) Respondent stated that a "motion to reopen by DHS will be filed" and "[s]oon after a resulting immigration court order is issued, ICE will remove [petitioner]." (Id.) As of October 30, 2026, petitioner remained detained in immigration custody. (ECF No. 22.)

The automated case information from the Executive Office for Immigration Review (EOIR) for petitioner's immigration case still reflects the last decision date of March 18, 2026, and does not indicate any future hearings are set.[2] Respondents have not met their burden because they have provided only conclusory statements supporting their contention that removal is significantly likely in the reasonably foreseeable future. See Alaa Q.A. v. Warden, California City Det. Facility, No. 1:26-CV-05000-KES-EGC (HC), 2026 WL 2280945, at *1 (E.D. Cal. Aug. 7, 2026), report and recommendation adopted sub nom. Allouz v. Warden, California City Det. Facility, No. 1:26-CV-05000-KES-EGC (HC), 2026 WL 2478020 (E.D. Cal. Aug. 24, 2026). Respondents have not met their burden because the court has no indication as to a timeline for petitioner's removal to Uganda, Mauritania, or any other country. See Kozlova v. Warden of the California City Det. Ctr., No. 1:26-CV-0499 DJC AC, 2026 WL 1785250, at *4 (E.D. Cal. June 22, 2026), report and recommendation adopted, No. 1:26-CV-0499 DJC AC, 2026 WL 1879388 (E.D. Cal. June 30, 2026) (requiring "evidence showing why removal is significantly likely in the reasonably foreseeable future" including "insight regarding the expected timing for removal").

Accordingly, petitioner's detention is not permitted by the INA as construed in Zadvydas. See 533 U.S. at 699-700 ("if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute"). The habeas petition should be granted.

For the reasons set forth above**,** IT IS ORDERED that petitioner's motion to proceed in forma pauperis (ECF No. 12) is GRANTED.

[2] This information can be viewed at https://acis.eoir.justice.gov/en/caseInformation.

In addition, IT IS RECOMMENDED as follows:

1. Respondents be ordered to immediately release petitioner under appropriate conditions of supervision.
2. The Clerk of Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven (7)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 2, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 dial4696.mer